## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

TERESA FULL,

    Plaintiff,

          v.

BUC-EE'S GEORGIA, LLC,

    Defendant.

CIVIL ACTION NO.
4:24-cv-00008-WMR

## <u>ORDER</u>

This matter is before the Court on Defendant Buc-ee's Georgia, LLC's ("Buc-ee's") Motion for Summary Judgment, [Doc. 28]. For the reasons discussed herein, Defendant Buc-ee's Motion is **GRANTED**.

## I.    BACKGROUND

Defendant owns and operates a chain of travel centers/convenience stores nationwide, one of which is located 601 Union Grove Road, SE, Calhoun, Georgia. [Doc. 39-1 at 2]. Plaintiff visited this location on January 10, 2022, while on a trip from Wisconsin to Florida. [Doc. 28-2 at 2]. Defendant's stores are famously "mega-sized" and naturally require large parking lots. [Doc. 39-1 at 3]. After making her

way through the parking lot, Plaintiff entered Defendant's store just after 1:00 p.m. [Doc. 28-2 at 3].

To get to the store from the parking lot, Plaintiff walked between two handicapped parking spots on a walkway painted with diagonal white stripes. [*Id.*]. The handicapped parking spaces were bordered by blue painted stripes. [*Id.*]. Each handicapped parking space had a blue wheel stop at the front of the space. [*Id.*]. Just before each wheel stop was a yellow concrete bollard, which comes vertically out of the ground and supports a sign designating the space as handicapped parking. [Doc. 39-1 at 4].

Plaintiff, after about 7 minutes in the store, exited through the same entrance she came in. [Doc. 39 at 6]. Plaintiff passed through the sliding double doors, turned right, and walked in a straight path down a very slight ramp. [*Id.* at 7]. After about 5 to 6 steps, Plaintiff's foot struck a blue wheel stop at the front of a handicapped parking space that caused her to fall to the ground. [*Id.*]. After Plaintiff fell, some people helped her to get up and employees from the store took down information about what had happened. [Doc. 39-2 at 18]. There was no car parked in the space when the incident occurred. [Doc. 39 at 7].

Plaintiff claims that her attention was "diverted out into the parking lot" because it was busy with moving cars, so she never looked down directly in front her to see the wheel stop. [*Id.*]. Plaintiff also claims this alleged distraction caused

her to rely only on her peripheral vision, so she "mistook the blue wheel[]stop for being a blue paint line" like the others in the parking space. [*Id.*]. Plaintiff finally claims that, despite walking out of the same path from the Defendant's store that she entered through, she did not know a wheel stop was in her pathway. [*Id.*].

In January of 2024 Plaintiff filed her Complaint, in which she alleged Defendant was liable for negligence under a theory of premises liability. [Doc. 1 at 4]. In September of 2024, Defendant filed a Motion for Summary Judgment seeking a favorable ruling dismissing Plaintiff's case. [Doc. 28]. Plaintiff filed a Response to Defendant's Motion for Summary Judgment, and Defendant filed its Reply [Docs. 39; 44]. The Court heard arguments from the parties at a hearing on December 18, 2024. [Doc. 51].

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper when the record evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if evidence suggests a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir.

2004).

The moving party bears the burden of demonstrating that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The moving party may satisfy its burden by "identifying . . . portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any" or by simply showing the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (internal punctuation omitted). However, the Court must view the facts in the light most favorable to the non-moving party. *Clark,* 929 F.2d at 608.

The burden shifts then to the non-moving party to demonstrate that there is an issue of material fact that precludes summary judgment. *Id.* A summary judgment motion may be properly opposed by any materials in the record "except the mere pleadings themselves." *Celotex Corp.*, 477 U.S. at 324. The moving party is entitled to summary judgment as a matter of law if the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

## III.    DISCUSSION

Defendant argues it is entitled to summary judgment because the wheel stop Plaintiff tripped over was a static condition, and any hazard presented by it was so

open and obvious Plaintiff should have noticed it. [Doc. 28-1 at 17-18]. Plaintiff contends that although the wheel stop may have been a static condition, the potential hazard was not open and obvious under the specific conditions at the time of the incident. [Doc. 39-1 at 13-23]. For the reasons discussed herein, Court agrees with Defendant.

In Georgia, "[t]o recover on a theory of premises liability, a plaintiff must show injury caused by a hazard on an owner or occupier of land's premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public." *Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444 (2009). Relevant to a trip and fall claim, a plaintiff must demonstrate that "(1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." *Id.* As the only issue raised by the parties in the instant case pertains to the second factor, the Court addresses only that factor below.

"[E]ven where premises are dangerous and a proprietor is negligent…where the plaintiff had equal or superior knowledge of a dangerous condition and fails to exercise ordinary care for his own safety[,]" the defendant is not liable. *Thomas v. Southwest Ga. Cmty. Action Council*, 215 Ga. App. 638, 639 (1994) (quoting *Brown*

*v. Carlisle*, 214 Ga. App. 483, 484 (1994)). A plaintiff must "use all [her] senses in a reasonable measure amounting to ordinary care to discover and avoid" a defect that she knew of or, in the exercise of reasonable care, would have known of. *Id.* Thus, even if a plaintiff is not *actually* aware of such a defect, she is charged with knowledge of it where were it is "so transparently obvious that [her] failure to observe them cannot reasonably be excused." *Id.* And, "[a]lthough the issue of a plaintiff's exercise of due diligence for his own safety is ordinarily a question for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable." *Id.*

It is essential to first determine the nature of the wheel stop as a potential hazard as such characterization impacts the Court's analysis. *LeCroy v. Bragg*, 319 Ga. App. 884, 886 (2013). Georgia courts define a static condition as "one that does not change and is dangerous only if someone fails to see it and walks into it." *Jones Lang LaSalle Operations v. Johnson*, 350 Ga. App. 439, 440 (2019). In the instant case, the wheel stop would be considered a static condition under Georgia law, as its location did not change and is not otherwise dangerous on its own. The parties do not dispute that the wheel stop was a static condition. *See generally* [Docs. 39-1; 44].

Pursuant to the plain view doctrine, as described by Georgia law, "[i]f nothing obstructs the invitee's ability to see the static condition, the proprietor may safely

assume that the invitee will see it and will realize any associated risks." *Crebs v. Bass Pro Outdoor World*, 360 Ga. App. 121, 123 (2021) (internal quotations omitted). Thus, where a hazard created by a static condition is "open and obvious," a plaintiff may not recover for damages purportedly caused by it. *Coral Hosp.-GA, LLC v. Givens*, 363 Ga. App. 664, 665 (2022) (citation omitted).

This Court agrees with Defendant that it is entitled to summary judgment, as there is no genuine dispute of material fact that any potential hazard created by the static wheel stop was open and obvious to Plaintiff. Defendant asserts primarily that because "the wheel stop's location did not change, and it was where wheel stops are expected to be[,]" Plaintiff should have known of the hazard's presence. [Doc. 28-1 at 16]. Indeed, Georgia courts have applied the plain view doctrine "to a hazard in plain view at a location where it is customarily found and can be expected to be, but which the invitee professes not to have seen prior to the fall." *Robinson v. Kroger Co.*, 268 Ga. 735, 743, 493 S.E.2d 403, 410 (1997). As the static wheel stop in the instant case was in the location where it is customarily found and expected to be – ahead of a parking spot in a parking lot – this Court agrees that the plain view doctrine applies to the instant case and that Plaintiff should have known of the presence of the wheel stop.

Plaintiff contends that even if the wheel stop could be considered open and obvious generally, the wheel stop was not open and obvious under the circumstances

of this case. [Doc. 39-1 at 11]. Essentially, Plaintiff argues that, "[a]t no time before her foot struck the wheel[]stop…did she have any knowledge of the wheel[]stop's existence, actually or constructively." [Doc. 39-1 at 12]. Plaintiff asserts two separate grounds to support her claim: (1) that upon entry to the store, Plaintiff did not see the wheel stop, and even if she had looked, she could not have seen the wheel stop because her view was obstructed; and (2) that upon her exit, because her eyes were "looking directly into the parking lot" at the cars, she "never looked down directly in front of her" and could not have seen the wheel stop. [*Id.* at 5; 15-21]. As discussed herein, both arguments from Plaintiff fail.

### A. Plaintiff's Entrance

First, Plaintiff's argues that because she did not, or could not, see the wheel stop when she entered Defendant's store, the condition could not have been open and obvious to her when she later tripped over it. [Doc. 39-1 at 13]. In asserting this argument and emphasizing whether Plaintiff viewed or could have viewed the wheel stop when she entered, Plaintiff implicates the prior traversal doctrine. Under Georgia law, the prior traversal doctrine states that a condition cannot be "open and obvious" unless a plaintiff has previously walked in the area. *See D'elia v. Phillips Edison & Co.*, 354 Ga. App. 696, 700 at fn. 3 (2020). However, prior traversal of an area is "not required to find that the area was an open and obvious *static* condition." *D'elia*, 354 Ga. App. at 700 at fn. 3.

8

As this Court has already established (which has not been contested by the parties), the wheel stop is a static condition, such that the prior traversal doctrine does not apply.   Thus, the question remains whether the wheel stop was open and obvious to Plaintiff?  It was.  Georgia courts have held that a "wheel stop and similar static structures are common features of parking lots that should be anticipated by invitees and do not generally constitute hazards." *Bartenfeld v. Chick-fil-A, Inc.*, 346 Ga. App. 759, 766 (2018). Plaintiff contends that a parked car, which hung over the wheel stop at the time of her entry into the store, obstructed her view and prevented any sort of actual or constructive knowledge of the wheel stop. [Doc. 40-1 at 17]. However, Plaintiff admitted during her deposition that if she had "looked to her left" as she entered, she "could [have] see[n] a wheel stop[.]" [*Id.* at 18]. Thus, there is no remaining dispute as to whether the parked car served as an obstruction that would negate the plain view doctrine.

Plaintiff is charged with knowledge of a potential hazard if she actually observed it or if it was so "transparently obvious" that it would be unreasonable to excuse her failure to observe it. *Thomas*, 215 Ga. App. at 639. Though Plaintiff did not actually observe the wheel stop, the wheel stop's location was so transparently open and obvious to Plaintiff that she should have been aware of its presence; a parked car would not have sufficiently obstruct her view, per her own admission. And, even if her view of the wheel stop had been obstructed by the parked car when

9

she first walked into the store, because the prior traversal doctrine does not apply in the instant case, this does not have any impact on whether the wheel stop was in plain view upon her exit of the store. Plaintiff's argument as to her entrance into the store fails to prevent this Court's grant of summary judgment.

### B. Plaintiff's Exit

Second, Plaintiff argues that upon her exit, the parking lot full of vehicles distracted her such that her gaze was fixed upward and that she could not properly observe the hazard presented by the wheel stop. [Doc. 40-1 at 19]. She does not allege, however, that (like upon her entry) that a car was parked in the spot potentially obstructing her view. This argument implicates the distraction doctrine, which under Georgia law "holds that one is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when the attention has been necessarily diverted." *Bartenfeld*, 346 Ga. App. at 786 (quoting *Robinson v. Kroger Co.*, 268 Ga. 735, 744 (1997)). However, "where (an obstruction) is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact the plaintiff merely failed to look will not relieve him from the responsibility for his misadventure." *Gray v. Alterman Real Estate Corp.*, 196 Ga. App. 239, 241 (1990).

Despite Plaintiff's assertions, the distraction doctrine does not apply.[1] Plaintiff testified that there was "nothing" obscuring her vision of the wheel stop, and she admits to seeing the wheel stop, even though she mistook it for something else (blue paint). [Doc. 40-1 at 20]. Where a plaintiff has testified that that the purported distraction did not "in any way obstruct[] her view of the [hazard][,]" Georgia courts have held that the case is then "within the line of cases involving the plain view doctrine and [such testimony] effectively eliminates any distraction theory." *McLemore v. Genuine Parts Co.,* 313 Ga. App. 641, 645 (2012) (internal citation omitted). As the distraction doctrine does not apply to this case, Plaintiff's failure to properly observe the static wheel stop when she exited the store falls within the plain view doctrine, and she is charged with constructive knowledge of any hazard it presented.

Plaintiff makes the argument next that, although she did view observe the wheel stop as she exited the store, she "thought the [wheel] stop was just a blue line[,]" and

---

[1] Arguably, this Court shouldn't even consider testimony from Plaintiff that she was distracted while exiting the store. Plaintiff made this allegation for the first time in her Response Brief, citing a fact in her affidavit, which she filed after her deposition was taken – and, though she does mention the "busy" parking lot in her deposition, she does not claim to have been distracted by it. [Doc. 39-2 at 16]. Indeed, a plaintiff "cannot thereafter create such an issue in an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). Such a contradiction renders the affidavit a "sham affidavit," and it should be disregarded. *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986) The Court agrees with Defendant that "[Plaintiff's] testimony in her affidavit directly contradicts her initial disclosures, her interrogatory responses and her deposition testimony[,]" which requires her affidavit be disregarded by this Court.

therefore did not perceive it as a hazard. [Doc. 40-1 at 20]. However, Georgia courts have previously rejected the argument that a wheel stop was considered a hazard because it blended in with the striping, creating an optical illusion. *Bartenfeld*, 346 Ga. App. at 767. In any event, as the plain view doctrine applies, it is irrelevant whether Plaintiff actually appreciated the character of the wheel stop that she admits to having seen in her peripheral vision; it is simply a question of whether her view was obstructed. *See Crebs*, 360 Ga. at 123.

Plaintiff was able to view the wheel stop upon her exit because her view was unobstructed. Plaintiff's mistaken conclusion that it was a flat line and not a raised wheel stop does not render the imposition of constructive knowledge on her unreasonable. As the static wheel stop was unobstructed as Plaintiff exited Defendant's store, she had constructive notice of the potential hazard presented by the wheel stop and is charged with knowledge of that defect. Plaintiff's second argument necessarily fails.

## IV.    CONCLUSION

For the reasons discussed herein, Defendant Buc-ee's Motion for Summary Judgment [Doc. 28] is **GRANTED**. Accordingly, Plaintiff's case is **DISMISSED**. The Clerk is **DIRECTED** to close this action.

**IT IS SO ORDERED**, this 23rd day of May, 2025.

William M. Ray, II
UNITED STATES DISTRICT JUDGE